# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF ILLINOIS

CARL G. TERRELL, )
)
    Petitioner, )
)
vs. ) Civil Case No. 07-545-MJR-PMF
)
ERIC JACKSON, )
)
    Respondent. )

## REPORT AND RECOMMENDATION

**FRAZIER, Magistrate Judge:**

Before the Court is Carl G. Terrell's §2241 petition for a writ of habeas corpus (Doc. No. 1). Terrell challenges the calculation of his federal prison term, claiming that the Bureau of Prisons should have awarded credit for a period of custody between April 1, 1997, and February 23, 2000. Terrell filed this petition while he was confined at FCI-Greenville. He is currently participating in a residential program in Wichita, Kansas, where he is completing a 120-month sentence imposed by the U.S. District Court for the District of Kansas. Pending at this time is petitioner's motion for summary judgment (Doc. No. 16). That motion is opposed (Doc. No. 18)

The material facts are not in dispute. Terrell committed state and federal crimes on April 1, 1997. On the same day, he was arrested by state authorities and charged with the state crimes.

On April 17, 1997, Terrell was indicted for the federal crimes.

On August 18, 1997, Terrell was sentenced in a Kansas state court to serve a 45-month term.

On September 4, 1997, Terrell was taken into federal custody.

On December 18, 1997, Terrell was convicted of the federal crimes.

On March 23, 1998, Terrell was sentenced to serve a 120-month federal sentence, to run consecutively to his state sentence.

On April 3, 1998, Terrell was returned to state authorities.

On January 10, 2000, Terrell completed his state time. He was temporarily detained for federal authorities.

On February 23, 2000, Terrell was taken back into federal custody.

After Terrell arrived in federal custody, his federal term was calculated by the Bureau of Prisons, which predicted his release on September 26, 2008. He pursued administrative remedies, completing the process on June 26, 2007. The Bureau of Prisons determined that Terrell had been credited with the time between January 10 and February 23, 2000. The Bureau further determined that additional credit was not due for the period between April 1, 1997, and January 10, 2000, because that time was credited toward another sentence and did not meet the criteria of 18 U.S.C. § 3585(b). The Bureau further determined that credit was not due under the decisions issued in *Willis v. United States*, 438 F.2d 923 (5th Cir. 1971), or *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993).

**A.     Time Between January 10 and February 23, 2000**

The materials submitted show that Terrell's prison term was calculated using January 10, 2000, as the beginning date for the computation (Doc. No. 11, attch. 4, p. 3). Because Terrell received credit for this period of custody, this aspect of his petition is moot.

**B.     Time Between April 1, 1997, and January 10, 2000**

Terrell's petition is liberally construed as asserting three arguments in favor of a habeas remedy. First, he claims that credit is due according to language in § 5G1.3(b) and (c) of the sentencing guidelines.

§ 5G1.3 gives judges discretion in fashioning an appropriate sentence when a defendant to be sentenced is already serving a term of imprisonment. Terrell is not challenging the decision to impose a 120-month sentence.[1] He is challenging the amount of jail credit awarded by the Bureau of Prisons. Because sentence credit awards are governed by statute rather than by sentencing guidelines, this argument for habeas relief lacks merit.

Both parties rely on portions of a program statement issued by the Bureau of Prisons. Program Statement 5880.28 sets forth the Bureau of Prison's policies and procedures for awarding sentence credit to federal prisoners. In specific circumstances, credit is awarded for time spent in non-federal pre-sentence custody. P.S. 5880.28(2)(c). Assuming that Terrell can show that the Bureau misapplied its policy, habeas relief may not be awarded to remedy that error. A writ of habeas corpus may be granted only if Terrell's custody violates the Constitution or treaties or laws of the United States. 28 U.S.C. § 2241(c)(3). Program statements do not carry the force of law. *Miller v. Henman*, 804 F.2d 421, 426 (7th Cir.1986) (BOP program manual does not create a legally enforceable entitlement); *Christensen v. Harris County*, 529 U.S. 576, 587 (2000) (policy statements lack the force of law). Accordingly, this argument for habeas relief also lacks merit.

Terrell also relies on the law established in *Kayfez v. Gasele*, 993 F.2d 1288 (7th Cir. 1993). That decision applies to a unique set of circumstances, where the full term of the inmate's federal sentence is shorter than the full term of a concurrent state sentence. The rationale of *Kayfez* does not apply here because Terrell's federal term is a longer, consecutive term.

On review of the materials, the Court finds that the Bureau of Prisons calculated Terrell's sentence in accordance with federal law. The statute governing sentence credit provides as follows:

---

[1] Any challenge to the imposition of the federal sentence would be raised and addressed on direct appeal. *Allen v. United States*, 175 F.3d 560, 563 (7th Cir.1999).

Calculation of a term of imprisonment

    (a) Commencement of sentence. – A sentence to a term of imprisonment commences on the date the defendant is received in custody awaiting transportation to, or arrives voluntarily to commence service of sentence at, the official detention facility at which the sentence is to be served.
    (b) Credit for prior custody. – A defendant shall be given credit toward the service of a term of imprisonment for any time he has spent in official detention prior to the date the sentence commences -
        (1) as a result of the offense for which the sentence was imposed; or
        (2) as a result of any other charge for which the defendant was arrested after the commission of the offense for which the sentence was imposed;
that has not been credited against another sentence.

18 U.S.C. § 3585.

Credit for the period between April 1, 1997, and January 10, 2000, was not due because that period of custody was applied towards the satisfaction of Terrell's state term, which did not run concurrently with his federal term. The statute prohibits an award of double credit. See *United States v. Ross*, 219 F.3d 592, 594 (7th Cir.2000) ( "[Section] 3585(b) forbids the BOP from giving credit for presentence custody when that credit has been applied against another sentence").

## C. Conclusion

IT IS RECOMMENDED that Carl Terrell's motion for summary judgment (Doc. No. 16) be DENIED.

IT IS FURTHER RECOMMENDED that Carl Terrell's § 2241 petition for a writ of habeas corpus (Doc. No. 1) be DENIED. This action should be dismissed.

**SUBMITTED:**   **July 11, 2008**  .

      *s/Philip M. Frazier*
      **PHILIP M. FRAZIER**
      **UNITED STATES MAGISTRATE JUDGE**